UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| Gregory Ackers, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) Case: 1:17-cv-00990 (F-Deck) |
|  | ) Assigned To : Unassigned |
|  | ) Assign. Date : 5/24/2017 |
| DNC Services Corporation *et al.*, | ) Description: Pro Se Gen. Civil   Jury Demand |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's

jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Santa Monica, California, has submitted a complaint that seems to be based on the well-publicized computer hacking of the Democratic National Committee during the most recent presidential campaign. Plaintiff claims that he "is an American citizen who's voted in 6 Presidential elections. In learning, through the U.S. media of the breach of American democracy & U.S. Natl security, he's been spurred to act in defense of American ideals & the rule of law by holding to account those indubitably responsible for its breach." Compl. at 2. Plaintiff purports to sue the "DNC Services Corporation d/b/a Democratic National Committee," 2016 Presidential Candidate Hillary Rodham Clinton, the Hillary for America campaign, and campaign chairman, John Podesta. *Id.* The five counts of the complaint are captioned Espionage, Computer Fraud & Abuse, Negligence, Intimidation of Voters, Breach of Fiduciary Duty, respectively. Plaintiff seeks "a forensic audit of each & every Dfts accounting records beginning in Jan 2015 continuing on through to day of judgment" and an unspecified amount of "punitive, compensatory & exculpatory damages[.]" *Id.* at 4.

In his jurisdictional statement, plaintiff asserts that his claims are "predicated on 18 USC 1332," which the Court assumes is meant to be 28 U.S.C. § 1332 since no such section appears in Title 18 of the U.S. Code and plaintiff further asserts that "[t]here's complete diversity of citizenship between [him] & all Dfts." Compl. at 2. Regardless, plaintiff has not identified Podesta's citizenship, and he has not pled an amount in controversy. Consequently, plaintiff has not satisfied his burden to establish diversity jurisdiction.

In addition, plaintiff has not pleaded facts to establish his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction" as well. *Haase v. Sessions*, 835 F.2d 902,

906 (D.C. Cir. 1987); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, U.S. Const. Art. III, § 2, and in the absence of any actual or threatened injury, no such case or controversy exists. The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.' " *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, ---, 133 S. Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, ---, 130 S.Ct. 2743, 2752 (2010)). The injury must be "fairly traceable" to the defendants' conduct and "not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (citation, internal quotation marks and internal alterations omitted).

Plaintiff has not alleged a specific injury. Rather, he contends that the "attack on American cyber-space . . . was the apocalyptic factor in the breach of the 2016 Pre[s]idential election, and he concludes:

> Because of Dfts NEGLIGENCE & lack of both fore & aftersight, the American public[']s consciousness, as well as an American Presidential election were indelibly hacked & intruded upon. The result was a humiliating national security disaster which will affect American global influence & a resulting lack of domestic & international confidence in our economic, intelligence & technological capabilit[ies] throughout the 21st century.

Compl. at 3. But when, as here, "the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: May 19, 2017

United States District Judge

3